IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


CWS TRUCKING, INC., a
West Virginia Corporation

       Plaintiffs,

v.                                        Case Number 2:04-CV-84
                                          (Judge Robert E. Maxwell)


WELLTECH EASTERN, INC.,
D/b/a KEY ENERGY SERVICES, INC.,
a Delaware Corporation,

       Defendant.


**OPINION/ORDER GRANTING IN PART AND DENYING IN PART THE
MOTION TO DISMISS ON BEHALF OF WELLTECH EASTERN, INC.**

      The Plaintiff, CWS Trucking, Inc., filed this action on November 12, 2004. Welltech Eastern, Inc., d/b/a Key Energy Services, Inc., is the sole defendant in this action. The complaint includes four counts, including: (1) fraud, (2) negligence, (3) illegal dumping, and (4) breach of contract for alleged dumping of "improper materials" into two salt water disposal wells owned and operated by CWS and located in the State of Ohio.

      Welltech filed a motion to dismiss three counts of the complaint, an answer to the complaint, and a counterclaim alleging breach of contract on January 18, 2005. CWS answered Welltech's counterclaim on February 7, 2005.

Welltech's motion to dismiss first argued that CWS failed to plead fraud with particularity in accordance with the requirements of Federal Rule of Civil Procedure 9(b). Second, Welltech argued that the second count of the complaint, entitled "Negligence," should be dismissed because this action sounds in contract and not in common law tort. Finally, Welltech argued that the cause of action entitled "Illegal Dumping" should also be dismissed, arguing that West Virginia does not recognize a cause of action for illegal dumping, and the complaint failed to demonstrate how CWS would have standing to bring a cause of action to enforce a public law.

On February 1, 2005, the Plaintiff filed a response in opposition to all three motions to dismiss. The Plaintiff conceded that it had failed to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure and requested "leave to amend in order to make a more definite statement of the claim pursuant to the precedents cited in Defendant's Memorandum."[1]

In opposition to the motion to dismiss the negligence claim, CWS argued that they were not trying to dress what is essentially a contract claim in the garb of a tort.[2] Rather, the Plaintiff argued that a distinction between nonfeasance and misfeasance in the performance of a contract should be utilized in determining whether to permit discovery of both contractual and tort liability arising out of contractual circumstances.[3] Finally, CWS argued that the "Illegal Dumping" cause of action should not be dismissed. Initially, the Plaintiff

---

[1] "Plaintiffs' Memorandum of Law In Response to Defendant's Motion to Dismiss" at p.6.

[2] See id. at p 5.

[3] See id. at pp. 3-4.

averred that Rule (8)(a)(2) only required notice pleading and a short and plain statement of the claim.⁴ CWS asserted that it had met this requirement by alleging it "may have standing to bring a claim under" a variety of statutory and common law authorities including the Federal Water Pollution Control Act, the Solid Waste Disposal Act, and Ohio and/or West Virginia environmental laws or possibly common law trespass.⁵

Welltech filed a reply brief on February 10, 2005. Welltech reiterated that the negligence claim was without a legal basis upon which relief could be granted, because the gist of the action sounded in contract law. In addition, it was argued that the Plaintiff's "shotgun" reply to the motion to dismiss the "Illegal Dumping" cause of action did not correct the deficiencies of the complaint and did not meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Finally, Welltech opposed the request for leave to amend the fraud claim. Although Welltech recognized that Federal Rule of Civil Procedure 15(a) requires leave to amend to be "freely given," it argued that this leave was not automatic and that it was in a court's discretion to refuse leave to amend if amendment would be futile.⁶ Welltech argued that CWS could not prove reliance, an essential element of fraud under West Virginia law, and that an alleged breach of contract in the course of performance is not fraud.⁷ Welltech also argued that the request for leave to amend the fraud count should be

---

⁴ See id. at p. 7.

⁵ See id.

⁶ See "Reply to Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss Made on Behalf of Defendant, Welltech Eastern, Inc., d/b/a Key Energy Services" at pp. 7-8.

⁷ See id. at p. 9.

denied because the Plaintiff failed to forward any additional facts or a proposed amended complaint to save it's defective fraud claim.[8]

On Monday, July 18, 2005, a hearing on Welltech's motion to dismiss was held, the proceedings being conducted upon the record and attended by counsel for both parties. At the conclusion of the arguments and presentations of counsel, the Court took note of the nature of the claims against Welltech; the written motions, briefs, and arguments of counsel offered for and against their sufficiency; and the procedural history up to the time of the hearing. Having maturely considered all the foregoing, and after granting CWS the benefit of all reasonable inferences to be drawn from the facts as alleged, the Court announced that it was and is of the opinion that the motion to dismiss must be granted in part and denied in part.

## **The Fraud Count**

CWS has conceded that fraud was not pled with particularity and has requested leave to amend this count of the complaint. CWS did not include a proposed amended complaint or proffer any additional facts when the request for leave to amend was made. The request was made as part of the briefing in opposition to the motion to dismiss.

Federal Rule of Procedure 15(a) requires that leave to amend shall be freely given. Fed. R. Civ. P. 15(a); see also Edwards v. City of Greensboro, 178 F.3d 231, 232 (4th Cir. 1999). This mandate is to be heeded. Foman v. Davis, 371 U.S. 178, 182 (1962). Welltech does not argue bad faith or prejudice in opposing the request for leave to amend. Rather, Welltech argues that amendment should be denied because the amendment would be futile.

---

[8] See id. at p. 10.

Given the state of the record to this point in the proceedings, this Court is not convinced that it would be futile for CWS to amend the fraud count of the complaint. The Court is uncertain whether amendment would be futile because CWS has not included a proposed amended complaint or proffered additional alleged facts that would allow the Court to make a futility determination. Thus, Welltech's motion to dismiss the fraud claim is DENIED, without prejudice. CWS has fifteen (15) days from entry of this Order to submit a motion for leave to amend, including a proposed amended complaint. Welltech will then have fourteen (14) days to serve any opposition to the motion. CWS will have seven (7) business days to reply.

### **The Negligence Count**

CWS asserts that allegations in the complaint support both contract and tort remedies. Welltech opposes, arguing that the allegations in the complaint support only a contract claim because the oral contract is the source of the party's duties.

This Court believes that West Virginia falls within the group of jurisdictions that will not allow both contract and tort claims arising from contractual circumstances. The West Virginia Supreme Court of Appeals has stated that "[a]n action in tort will not arise for breach of contract unless the action in tort would arise independent of the existence of the contract." Lockhart v. Airco Heating & Cooling, 211 W. Va. 609, 614, 567 S.E.2d 619 (2002). The Northern District of West Virginia has similarly interpreted West Virginia law in regard to this issue. McClure v. Elmo Greer & Sons of Ky., LLC, 369 F. Supp. 2d 832, 838 (N.D. W. Va. 2005).

The source of the duty is controlling. To be maintained, the action in tort must arise independent of the existence of the contract. In this action, CWS alleges that Welltech used the contract as a basis for outrageous, willful and wanton conduct. This conclusively shows

5

that the tort claim is dependent on the contract. In accordance with West Virginia law, Welltech's motion to dismiss the negligence claim is GRANTED, with prejudice.

### **The "Illegal Dumping" Count**

Welltech argues the that the cause of action entitled "illegal dumping" should be dismissed because there is no such recognized private cause of action, CWS lacks standing to enforce a public law, and the putative cause of action, as pleaded, violates Federal Rule of Civil Procedure 8(a). Conversely, CWS argues that it may have standing under federal statutes, Ohio or West Virginia statutory law, or the common law.

The Court agrees that such a "shotgun" approach to pleading violates Federal Rule of Civil Procedure 8(a). Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts interpreting this rule have stated that fair notice of the claim be given to both the defendant and the court. See Conley v. Gibson, 355 U.S. 41, 47-48 (1957); Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Sheridan-Wyoming Coal Co. v. Krug, 168 F.2d 557, 559 (D.C. Cir. 1948). The Fourth Circuit has similarly stated that a few conclusory allegations are insufficient to meet the requirements of Rule 8(a). See Young v. City of Mt. Ranier, 238 F.3d 567, 577 (4th Cir. 2001). It is quite telling that Plaintiff has failed, even in it's reply brief, to cite any arguably applicable statute. Accordingly, the Court must agree that pleading in this manner unreasonably threatens the waste of time and resources. Therefore, Welltech's motion to dismiss the "illegal dumping" claim is GRANTED, with prejudice.

### **Conclusion**

Having maturely considered the motion to dismiss, made pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, the Court hereby GRANTS the motion to

6

dismiss in part and DENIES the motion in part, as stated in the body of this Memorandum Opinion and Order.

In accordance with the Findings and Conclusions set forth in the body of this Memorandum Opinion and Order, the Court hereby ORDERS that Count 2 (negligence) and Count 3 ("illegal dumping") of the Plaintiff's Complaint be DISMISSED, with prejudice.

With regard to Count 1 (fraud) of the Plaintiff's Complaint, the Defendant's Motion to dismiss the same is DENIED, without prejudice, and, as set forth above, the Plaintiff shall have fifteen (15) days from the date of entry of this Order to submit a motion for leave to amend, including a proposed amended complaint. The Defendant will then have fourteen (14) days to serve any opposition to the motion, and the Plaintiff will have seven (7) business days to reply.

Entered, this <u>14th</u> day of September, 2005.

                                          **/S/ Robert E. Maxwell**
                                          Robert E. Maxwell,
                                          United States District Judge